Please proceed, Counsel. Good morning, Your Honors, and may it please the Court. Ken Miller on behalf of Mr. Enoch Jarrett. The first issue on which there is the certificate of appealability is waiver. And I believe that this case is controlled or is most analogous to the waiver of a right to jury and waiver of right to counsel situation. The right to have a judge present, focusing on that one aspect of the claim, the right to have the judge present for all key proceedings. Counsel, you're referring to Withrow, the Sixth Circuit case? What case are you referring to? I'm not referring to any case right now other than Supreme Court cases, Duncan v. Louisiana and Feretta, Your Honor, at this point. The right to have a judge present is most analogous to the right to have counsel and the right to have a jury. They are both key components of the structure of a trial. And those, the right to have a jury and the right to have counsel cannot be waived by counsel. Those have to be waived by the defendant himself. The extension of Duncan v. Louisiana and Feretta to the situation where the judge is not present is the most reasonable application of clearly established Supreme Court law. The one case that has been relied on by the other courts to go against that was Peretz. And that's where the United States Supreme Court said that a defendant could waive the right to an Article III judge and proceed with vore dire before a magistrate judge. And I submit that that case is completely distinguishable because, number one, it involved vore dire. Counsel, can I interrupt you for a moment? Of course. What Supreme Court case are you relying upon to support your assertion that defense counsel may not waive the right to have a judge present? Duncan v. Louisiana and Feretta, Your Honor. But do they discuss whether or not a defense counsel can waive that right? No, Your Honor, they do not. Well, no, they do discuss whether or not defense counsel can waive the right to have a defense counsel or whether defense counsel can waive the right to have a jury. My question to you was, is there a Supreme Court case that discusses whether or not defense counsel can waive the right to have a judge present? The one case, the two cases that are most on point there are Gomez. Is there one specifically? Is there a case specifically? No. Okay. No. So this is an unreasonable application of Supreme Court precedent situation. The two cases that would seem to apply there are Gomez and Peretz. In Gomez, the, it was. That's magistrate judge. Weren't those magistrate judges where people had not consented to a magistrate judge presiding over the trial? That's a whole different scenario because then you have a constitutional right to have an Article III judge preside. So that, to me, that's not analogous. Actually, Your Honor, I think that our case is even stronger than that because it's stronger than those situations because in those cases, at least you have a magistrate judge presiding. In our situation, you have nobody presiding over how the jurors are reviewing. But that was a court proceeding. A magistrate judge was presiding over a court proceeding. That's a little different scenario than a juror taking an exhibit home to look at. That's not a court proceeding per se. They're not deliberations. There's no indication of any of that. It's the fact that it is not a court proceeding, I don't think, would help Respondent's argument. I think it hurts it because what you've done is you've taken what is supposed to be a court proceeding and taken it outside of the court. The point is whether or not that can be waived. It's not whether, you know, it's appropriate to do it in the absence of a waiver. The issue is could defense counsel waive that? Absolutely. That is the issue. And what I'm saying is that the situation is most analogous to waiver of the right to jury and waiver of the right to counsel, which counsel alone cannot do. The one case that did find a waiver where defense counsel waived the right to have a judge present was Peretz. And that was for Voidier. And I submit that that case is completely distinguishable because at least there was a magistrate judge present, which is different from allowing these jurors to take this salacious evidence home. At least the concern was Yes, Your Honor. Something in the back of my mind, when you talk about a judge not being present in Voidier, the judge conducts or the magistrate conducts Voidier. All right. But here, the evidence wouldn't have the judge present even if they'd been in the courthouse, because it would have been in the jury room and the judge would have been sitting in his chambers, right? No, Your Honor. During the presentation of the evidence, when this evidence was admitted into evidence, when it was being shown to the jury, normally a judge is present. Then a judge would be present. But then they go back into deliberations with the evidence and the judge is not present. The judge is not present, Your Honor. But there is in federal court, there's a marshal present in state court. There's somebody else present to make sure that not present outside outside, but making sure that nobody else is going to be involved in reviewing this evidence. Well, that's something else. I mean, then you can show by affidavit of the jurors that somebody came in and there was misconduct of the jurors. That's a different issue. But you're but I'm having difficulty following your argument that because in the courthouse, the judge is sitting in chambers, he's present. But when they take the evidence home, he's not present, Your Honor. The judge, whether or not he's the judge, obviously is not present in the jury room, but he has complete control over who gets into that jury room and who else gets to discuss this. And if you show by affirmative evidence that there was some misconduct in the material being taken home and the people discuss it or had third persons come to their homes and discuss it. That's a different kettle of fish. But counsel, isn't your point that the court cannot supervise someone talking to their neighbors or their spouse about the instructions taking home? Exactly. It would be to prove that if it did happen. Let me ask a different question. Let's assume you're right. Wrong to let them take it home. Why, then, should we assume that it's structural error and not subject to are amenable to harmless error review? Because then the most direct case on point is Gomez. The Supreme Court case that said, like an unbiased judge or jury, violation of the right to have the judge oversee the trial cannot be harmless. That case would control that this was structural error. The one case that said that it was not structural error was Peretz. And I would submit that Peretz is completely inapplicable because there you at least had a magistrate judge present. There it only dealt with Wadir. And in that case, there's even the suggestion that the defendant did consent to this. Counsel, let me ask you this. What do you do with the language in Peretz that says Gomez's holding was carefully limited to the situation in which the parties had not acquiesced at trial to the magistrate's role? That seems to limit Gomez. Well, I think you'd also look at Peretz and the situation that Peretz deals with. That Peretz dealt with the fact that there was still at least going to be enough. I would just go back to the three points that makes Peretz clearly distinguishable as well. If the Supreme Court is telling us that Gomez is carefully limited, then how can we expand it to the situation that you're asking us to apply it to? Because what you have is you have two separate cases and you have to decide which is the most reasonable, which case seems to be the most applicable. Maybe neither is applicable, in which case there's no clearly established federal law governing this claim. I mean, that's also a possibility, but that's not the situation here. Because the case that came in and attempted to limit Gomez is completely distinguishable. Yes, Gomez did deal. I mean, yes, Peretz did come in and say this is what Gomez says. But you can also look at the language of Gomez itself. But if the Supreme Court is telling us what its case, what its prior case means, aren't we bound by that? You are bound by that, but you can also look at the principles that the case stands for. And the principle that the case stands for is that in a situation where there is no judge present, the structure is destroyed. The structure of this trial was completely undermined. And you can also go beyond Gomez. You can look at the other aspects of this case, which aren't simply that the judge was not present. You also have the fact that the defendant was not present. Defendant's counsel was not present. And you have a really strong chance of interference by third parties, of jurors showing this evidence to their spouses or to their neighbors. So this case actually presents a stronger situation for the destruction of the structure of the trial than that presented in Gomez. And I think you also have to look at the language of Gomez itself. All right. Thank you, counsel. We'll give you one minute for rebuttal. Thank you. May I please the court? David Glassman, excuse me, Deputy Attorney General for the appellee. I'd like to begin with the focus that you began with, Judge Rawlinson, which is the status, if you will, of Supreme Court authority on this subject. Because as the court is aware, in this AEDPA appeal, that is the governing question in the case. Before I do that, I would just like to put into context the suggestion that one can freely speculate and we have no way of knowing what did or did not happen vis-a-vis the receipt of the information by the jurors. And that is just to point out that in California, in addition to the appellate process, there is also a habeas corpus procedure that would allow an appellant upon conviction, this defendant, through counsel, which he had, to pursue any irregularities or improprieties that could be discovered with respect to any receipt or disclosure of information. And that is the point that I was trying to make. How can it be discovered? The juror takes the stuff home, talks to his children, his spouse, his neighbors and so forth. How does appellant know that without having investigators following the juror's home? Well, he can know that in a variety of ways, and one of which is by having counsel. Now, obviously, the same counsel that has sent it to this procedure would typically not be following up with an investigation of it. But the point is, he had successor counsel who raised this claim. And I'm just pointing out that those counsel had every opportunity to determine whether, in fact, there were any improprieties in this case. And the reason that that is important is that until and unless the Supreme Court identifies any flaw in this procedure, not that I'm defending the procedure per se, but until and unless there is some indication, much less an indication that it's structural error, one simply cannot assume that in the absence of any Supreme Court authority, and there is none in this scenario, that it is structural federal constitutional error, and that furthermore, it is, if not structural error, it is trial error in which prejudice is shown. The fact is, we do have a record in which there is no indication of any impropriety by the jurors. And again, the novelty of the situation being what it is, as Judge Bea pointed out, there is no indication here that these jurors were doing anything differently if they were reviewing the material outside of the courtroom than they would have been sitting in the jury room or sitting in their seats as jurors. But they have access to everybody at home and their neighbors and anybody else they might call, none of which they would have access to in the jury room. I would just say to that, Judge Nelson, because I do need to proceed to my arguments, that that's always the potential in a case. There is always the potential for a juror to commit misconduct, but we require a showing of misconduct, typically, and we would here as well. Getting to your point, Judge Rawlinson, none of the cases identified by the petitioner have anything remotely to do with this subject. Duncan v. Louisiana, as the court knows, is totally unlike this case. Ferretta v. California has to do with the right of self-representation. In Gomez, there is an explicit objection to the lack of the judge's involvement in the record. That is a crucial distinction with this case. Certainly a case in which the objection is deemed significant cannot be controlling in this case for ADPA purposes. And Peretz is a case that was never cited by this petitioner, not cited in the opening brief or the reply brief. So what we have here is a total absence, either in the Supreme Court or, for that matter, in circuit authority, of any recognition that this is federal constitutional error. And yet, in what I submit was an expansive, if you will, interpretation, both the state courts reviewing this case, namely the state appellate court, as well as the district court, both the magistrate and the district judge writing separately, all of those courts were willing to apparently assume, if you will, that federal constitutional error was somehow implicated here, despite the absence of any Supreme Court authority to that effect. And having done so, all of those courts evaluated whether or not the error was harmless. Are you familiar with the Sixth Circuit case of Tater versus Withrow? Well, whether or not you are in that case, and this is the point I'm trying to get to. Yes. Stated that the in some cases is the example of Aurora Avis, a fundamental constitutional rule dictated by a president, but so unexceptional that has never been drawn into question in a reported case, a Supreme Court case. And I guess my question is, is this a kind of fundamental error that doesn't require a Supreme Court president because it's so fundamental? Well, I think what Your Honor is proposing is sort of the ultimate exception, if you will, in AEDPA circumstances. And I would submit that if we are to follow the AEDPA and what the Supreme Court has told us the AEDPA means, then it would completely turn it on its ear to decide whether or not in the facts of a particular case, despite the absence of any Supreme Court authority, one thought that the case was so extraordinary and exceptional that you did not have to comply with the analysis that the Supreme Court has said applies here. And turning to this case, several things. First of all, that that approach, I think, was not suggested or contemplated or in any way entertained by any of the courts that reviewed it, which I think is some indication that it is not in this case the you know, the mother or father of all errors, so to speak. But but furthermore, that in terms of the reasonableness of it, all of these courts ultimately evaluated this case in terms of federal constitutional error and harmlessness. And where there is no indication of any impropriety, it would be unreasonable, not in the AEDPA sense, but just in the ordinary sense to say that, well, we'll dispense with the need for any Supreme Court authority on the subject, because anyone would recognize, notwithstanding the fact that none of these judges did, that this is structural error. And furthermore, we won't require any proof of prejudice. The state appellate court here did something it was not obligated to do, because if one reads these opinions carefully, which I hope I have, what's interesting about them is that nobody ever identifies a specific federal constitutional error in the case, although nobody says it was a great idea either. But the point is that nevertheless, they engage, at least in the first instance in the state court level, in the most rigorous harmless error analysis that we conduct, and they find the error harmless. And and under the circumstances of this case, which hopefully is sui generis, that was enough. Thank you. Thank you, Your Honor. All right. Thank you, counsel. Thank you, Your Honor. The district court did identify the a constitutional right at issue here, and that was the right to have the judge present for all proceedings. The court didn't say that it was violated. It assumed it said, I'm assuming it's violated. And then it went on to the error issue. But it did find it. This is an absolutely outrageous situation. And I think that in looking at this case, we have to focus on what is at issue here, which is alleged child pornography being sent home with the jury. This is it's it's so far beyond the pale that you are not going hopefully you're not going to see it in any other cases. But it does implicate a number of substantial constitutional rights, which I have laid out in my briefs. And unless the court has any questions, I will submit. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Pomona Valley Medical Group versus the Garland. Yes.
judges: D.W. Nelson, Rawlinson, Bea